Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 41 | **DATE** | 2/20/2002 |
| **CASE TITLE** | USA vs. Michael Wills | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Because Wills' petition is a second or successive petition, he is required, pursuant to 28 USC 2244(b)(3)(A), to move in the Curt of appeals for an order authorizing the district court to consider his application, As we have not been so authorized, Wills' petition is dismissed for lack of jurisdiction. Ruling and or status date of 3/21/02 is stricken. Any pending motions are moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 22 2002 date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2/20/2002 date mailed notice | |
| GL | courtroom deputy's initials | Date/time received in central Clerk's Office | GL mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Michael Wills,

    Petitioner,

v.

United States,

    Respondent.

Case No. 02 C 0041

DOCKETED
FEB 2 2 2002

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

Michael Wills has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. For the reasons below, we deny Wills' petition.

### PROCEDURAL BACKGROUND

On December 1, 1993, Michael Wills was convicted of conspiracy to traffic cocaine and of using a telephone to facilitate the commission of narcotics offenses, in violation of 18 U.S.C. § 846 and 18 U.S.C. § 843(b), respectively. On July 14, 1994, the court sentenced Wills to a term of imprisonment of 360 months and issued a special assessment against him for $100. Wills conviction was affirmed by the Seventh Circuit, United *States v. Banks*, 122 F.3d 346 (7th Cir. 1997), and the United Stated Supreme Court denied him a writ of certiorari. D*unlap v. United States*, 522 U.S. 1033 (1997).

On November 20, 1997, Wills filed a *pro se* petition to vacate his sentence pursuant to 28 U.S.C. § 2255. This first habeas motion was denied on the merits by minute order on June 4, 1998.

1



On March 28, 1998, we granted Wills' motion seeking modification of his sentence pursuant to 18 U.S.C. § 3582(c).[1] This modification was based upon an amendment to the United States Sentencing Guidelines. United States Sentencing Commission, *Guidelines Manual (Appendix C)* Amendment 505 (Nov. 1995). Consequently and pursuant to the guidelines, we reduced Wills' sentence from 360 months to 250 months.

Wills has now filed a second motion for habeas relief pursuant to 28 U.S.C. § 2255. It is difficult to ascertain precisely Wills' claims from his pro *se* handwritten petition. Nonetheless, given our duty to construe pro *se* complaints liberally, Donald *v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996), we are able to glean the following arguments. First, Wills claims that his concurrent sentences are contrary to the double jeopardy clause of the U.S. Constitution. Second, he claims that the court's imposition of an assessment against him was in violation of the double jeopardy clause of the U.S. Constitution. Finally, Wills claims a violation of due process because his conviction does not meet the standards set forth in Apprendi *v. New Jersey*, 530 U.S. 466 (2000), and that this right should be retroactive on collateral review.

## ANALYSIS

Absent authorization from the Court of Appeals, the District Court is without jurisdiction to hear a successive habeas petition. 28 U.S.C. § 2244(b)(3)(A); Nunez v. United *States*, 96 F.3d 990 (7th Cir. 1996). It is on this basis that the United States asks us to dismiss Wills' habeas petition.

Wills argues that the instant petition is not a successive petition but rather his first petition after his 1998 resentencing in this court. Wills claims that his habeas petition is merely the first collateral attack on his 1998 resentencing proceeding. Were his habeas petition truly a collateral attack on that resentencing proceeding, Wills would be correct. *See Dahler v. United* States, 259 F.3d 763, 764 (7th Cir. 2001)(petitioner "is entitled to another [habeas petition] to the extent

---

[1] Due to clerical oversight, the change in Wills' sentence was not properly entered on the docket until February 23, 2001.

2

he attacks a different conviction or sentence"); Johnson v. United States, 196 F.3d 802, 804 (7th Cir. 1999)(holding that "the count" restarts with each new judgment).

Wills' petition, however, does not collaterally attack his resentencing proceeding. Instead, his petition is merely another attack on his original conviction and sentence. The arguments he raises – the double jeopardy violations and the Apprendi claim – are arguments that do not regard the resentencing proceeding and could have been raised in his first habeas petition. As such, the instant petition is a successive habeas petition requiring approval of the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A). See, e.g., Dahler, 259 F.3d at 764 (denying habeas because the successive petition did not present an objection to an error newly made at the resentencing hearing).

Wills' reliance on Walker v. Roth, 133 F.3d 454 (7th Cir. 1997), is without merit. In Walker, the court acknowledged that "a second habeas petition attacking for the first time the constitutionality of a newly imposed sentence is not a second or successive petition within the meaning of § 2244." Id. at 455. But the court also pointed out that "had [the petitioner] sought to challenge aspects of his conviction the district court would have been correct in dismissing his petition as successive." Id. at 455, n.1 (emphasis supplied). Indeed, "Walker dealt only with a challenge to matters that occurred at resentencing; it did not address any claims that could have been raised before the resentencing." Dahler, 259 F.3d at 765.

## CONCLUSION

Because Wills' petition is a second or successive petition, he is required, pursuant to 28 U.S.C. § 2244(b)(3)(A), to move in the Court of Appeals for an order authorizing the district court to consider his application. As we have not been so authorized, Wills' petition is dismissed for lack of jurisdiction.

It is so ordered.

Dated: 2/19/02

MARVIN E. ASPEN
United States District Judge

3