Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 41 | **DATE** | 5/16/2002 |
| **CASE TITLE** | USA vs. Michael Wills | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Wills Rule 60(b) motion for relief from "excessive punishment" (8-1) is denied. At the outset, Wills' motion is an attempt to make an end-run around the second or successive petition requirements of 28 USC §2244(b). Wills cannot restyle a successive petition as a motion for reconsideration and expect to escape the successive petition requirements. Regardless, Wills' claim would fail on the merits.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 20 2002 date docketed | |
| | Docketing to mail notices. | | | 12 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/16/2002 date mailed notice | |
| GL courtroom deputy's initials | | 02 MAY 17 AM 9:01 Date/time received in central Clerk's Office | GL mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Michael Wills,<br><br>        Petitioner,<br><br>   v.<br><br>United States,<br><br>        Respondent. | )<br>)<br>)<br>)   Case No. 02 C 0041<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

Michael Wills has filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(5). For the reasons below, we deny Wills' motion.

### PROCEDURAL BACKGROUND

On December 1, 1993, Michael Wills was convicted of conspiracy to traffic cocaine and of using a telephone to facilitate the commission of narcotics offenses, in violation of 18 U.S.C. § 846 and 18 U.S.C. § 843(b), respectively. On July 14, 1994, the court sentenced Wills to a term of imprisonment of 360 months and issued a special assessment against him for $100. Wills' conviction was affirmed by the Seventh Circuit, *United States v. Banks*, 122 F.3d 346 (7th Cir. 1997), and the United Stated Supreme Court denied him a writ of certiorari. *Dunlap v. United States*, 522 U.S. 1033 (1997).

On November 20, 1997, Wills filed a pro se petition to vacate his sentence pursuant to 28 U.S.C. § 2255. This first habeas motion was denied on the merits by minute order on June 4, 1998.



On March 28, 1998, we granted Wills' motion seeking modification of his sentence pursuant to 18 U.S.C. § 3582(c).[1] This modification was based upon an amendment to the United States Sentencing Guidelines. United States Sentencing Commission, *Guidelines Manual (Appendix C)* Amendment 505 (Nov. 1995). Consequently and pursuant to the guidelines, we reduced Wills' sentence from 360 months to 250 months.

Wills then filed a second habeas petition under 28 U.S.C. § 2255 on January 2, 2002. On February 19, 2001, we dismissed the second petition for lack of jurisdiction because Wills was first required to move in the Court of Appeals for an order authorizing the district court to consider his second or successive petition. Absent such authorization from the Court of Appeals, we lacked jurisdiction to entertain the petition.

Wills has now filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(5) on the ground that the judgment against him has been "satisfied." It is difficult to ascertain precisely Wills' argument. Nonetheless, given our duty to construe *pro se* pleadings liberally, *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996), it appears that Wills claims that his payment of the initial $100 special assessment has satisfied the judgment against him to the extent that any further imprisonment is an "excessive punishment outside of [our] authority." Wills Brief at 3. As a remedy, Wills argues that this court should "dismiss the excessive punishment and render judgment 'satisfied' by the payment on the lesser sentence of the fine," and thereafter order Wills' immediate release from prison. *Id.* at 3-4. This we cannot do.

---

[1] Due to clerical oversight, the change in Wills' sentence was not properly entered on the docket until February 23, 2001.

2

At the outset, we observe that Wills' motion is an attempt to make an end-run around the second or successive petition requirements of 28 U.S.C. § 2244(b). Wills cannot restyle a successive petition as a motion for reconsideration and expect to escape the successive petition requirements. *See, e.g., Burris v. Park,* 130 F.3d 782, 783-784 (7th Cir. 1997) ("Appellate courts agree that a post-judgment motion under Fed.R.Civ.P. 60(b) in the district court . . . is a 'second or successive' application for purposes of § 2244(b)"). As such, we deny his Rule 60(b) motion.

Regardless, Wills' claim would fail on the merits. Wills has cited no authority whatsoever to suggest that the special assessment is an alternative penalty, the satisfaction of which would render void any other sentence against him. On the contrary, it is self-evident that assessments under 18 U.S.C. § 3013 must be paid in addition to whatever other sentence is imposed upon convicted felons. In short, Wills' argument that the payment of his $100 assessment somehow "satisfies" his prison term borders on the surreal.

Wills' Rule 60(b) motion for relief from "excessive punishment" is denied.

It is so ordered.

Dated: 5/16/02

MARVIN E. ASPEN
United States District Judge